49 CCPA

## Application of Rollin H. SPELMAN and George W. Anderson.
### Patent Appeal No. 6767.

United States Court of Customs and Patent Appeals.

May 4, 1962.

Frank S. Greene, Cleveland, Ohio (Mc-Coy, Greene & TeGrotenhuis, Cleveland, Ohio, Frank J. Earnheart, Akron, Ohio, and Munson H. Lane, Washington, D. C., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Com'r of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection of all claims in appellants' application for a "Pneumatic Tire Tread" as unpatentable over the prior art.

Appellants' device is a pneumatic tire having a carcass of conventional construction, and a tread comprising "two ground engaging bands that are laterally spaced and on opposite sides of a central circumferentially continuous groove." Each ground engaging band has a slip resistant rib pattern while the groove "is of a depth such that its bottom is closely adjacent the outermost of the fabric reinforcing plies." Such a construction maintains a wide area of tread contact with the road surface while providing flexibility of the tread bands, thus enabling "the tire to more effectively resist side slip and thereby reduce noise and tread abrasion."

Claim 6 is representative and reads:

"6. A pneumatic tire having an arcuate crown portion and superposed plies of reinforcing fabric embedded in rubber and conforming to the interior contour of the tire, and a rubber tread exteriorly of said plies that is of a width less than the maximum width of the tire, that has the greatest radial thickness at the side edges thereof and that decreases in thickness toward the midcircumferential plane of the tire, said tread having a central circumferentially continuous, narrow groove and consisting of two equidimensional reversely disposed ground engaging bands whose inner side edges form the sides of said groove, said groove being of a depth to provide at its bottom a narrow flexible midcircumferential zone in said crown portion of the tire, each of said bands having a ground engaging face in the form of a surface of revolution that has convex transverse curvature that gradually increases in diameter outwardly from its inner edge and inwardly from its outer edge to a circumferential portion of maximum diameter, thereby providing two spaced ground engaging areas in the portion of the tread engaging the ground, said bands normally supporting equal portions of the load

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

and said narrow flexible zone permitting flexing of said crown portion at said zone by internal air pressure to maintain both ground engaging faces in ground contact when the bands are subjected to unequal loads."

The references relied on are:

| | | |
|---|---|---|
| Banyai (Gt. Brit.) | 381,365 | October 6, 1932. |
| Buddenhagen | 2,612,928 | October 7, 1952. |
| Palko et al. | 2,756,798 | July 31, 1956. |

The Banyai patent discloses a pneumatic tire having a tread comprising two ground engaging bands and a central circumferentially continuous groove. Banyai points out (1) that previous tire treads with one point of contact with the ground were conducive to slipping and skidding and (2) that treads subdivided so as to provide numerous points of contact had their subdivisions "joined together by connecting or bridging portions of considerable thickness which in every case impart to the tyre the properties of a rigid system." The patentee states that his invention "provides an effective solution of the problems involved." In describing the main features of his tire, he states:

"The new tyre has a plurality of running surfaces or treads which are connected together by annular peripheral portions of the cover, the essential feature of the invention being that these portions of the cover are outwardly arched, are comparatively thin, are of sufficient width to permit of the independent resilient yielding of the individual portions of the tread, and are combined with thickened tread portions of cambered cross-section.

"A further essential feature of the invention is to be found in the fact that, when two tread portions are provided, the intervening cover portion is of such width that the bearing points of the tyre are brought substantially beneath the lateral portions of the reinforcement embedded in the cover, * * *."

The Buddenhagen and Palko patents disclose treads which have central grooves and slip-resistant tread patterns. Palko is directed to a tread said to be useful on snow and ice, while Buddenhagen is directed to a "substantially-noiseless tread" configuration.

The examiner rejected the claims as unpatentable over Banyai in view of either Buddenhagen or Palko. The board, in sustaining the examiner, held that the claims did not patentably differentiate over Banyai alone.

Appellants allege here, as below, that their tread has two distinguishing features said to be unobvious over the prior art and, therefore, patentable: (1) the tread width is less than the maximum width of the tire, and (2) the central circumferentially continuous groove is "narrow."

The board disagreed that the first alleged feature patentably differentiated over Banyai since the "load imposed on the casing through each tread band * * * is applied along a line spaced a significant distance inward of the casing side wall." It also held that "a quite insubstantial narrowing of the Banyai tire tread would cause each edge thereof to lie just inwardly of the side face plane of the tire and so comply with the claimed requirement of a 'width less than the maximum width' of the tire. * * * Such a change could well be within normal manufacturing tolerances." While we do not think the record expressly supports the first interpretation of the board, we are in complete agreement with the second reason it advances.

The board's position on the second feature is stated as follows:

"Also, we are not persuaded that the unbased comparative 'narrow' as applied to the grove between the two tread bands in these claims serves to particularly and distinctly, and hence patentably, differentiate from the groove formed between the two tread bands in Banyai."

Appellants contend that the alleged distinguishing features are contrary to the express teachings of Banyai; that the Banyai tire is impractical for use on modern highways; and that the affidavits of record establish the practicality and commercial success of their tread. Associated with those contentions is reliance on the proposition that narrow improvements, as well as pioneer inventions, which advance the art, are entitled to patent protection, citing Diamond Rubber Company of New York v. Consolidated Rubber Tire Company, 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527. While we appreciate the tenor of that decision, we do not think the facts here will support its application.

In our opinion, as also observed by the board, appellants have done no more than would be expected of one of ordinary skill in that art having the references before him.

Although the single drawing in Banyai shows a groove which appears to be relatively "wider" than appellants' "narrow" groove, the patent expressly advises that the groove be "of sufficient width to permit of the independent resilient yielding of the individual portions of the tread" and to bring "the bearing points * * * substantially beneath the lateral portions of the reinforcement embedded in the cover."

To remove any doubt as to the state of the art available to appellants, Buddenhagen and Palko specifically show that a tread width less than the maximum width of the tire and a "narrow" groove are well known features in that art.

With that understanding of the state of the art and viewing the subject matter as a whole, as we must, it seems to us that it would be obvious to one skilled in that art, desiring to take full advantage of the beneficial features taught by Banyai, to produce the claimed configuration.

We find no evidence in the record to support appellants' allegation that Banyai's tire is impractical, nor under the facts here are we persuaded by the allegations of commercial success.

Since we find no error in the board's decision, it is affirmed.

Affirmed.

MARTIN, J., sat but did not participate because of illness.